**Bashkim REXHEPI, Petitioner,**

**v.**

Alberto R. GONZALES,[1] Attorney
General, Respondent.

No. 04–6090–ag.

United States Court of Appeals,
Second Circuit.

May 15, 2006.

Charles Christophe, Christophe & Associates, P.C., New York, New York, for Petitioner.

Peter Keisler, Assistant Attorney General, Civil Division, Thomas E. Johnston, United States Attorney, Betsy C. Jividen, Assistant United States Attorney, Wheeling, West Virginia, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. DENNIS JACOBS, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Bashkim Rexhepi, through counsel, petitions for review of the BIA decision affirming the decision of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d

268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

The adverse credibility finding was based on (i) inconsistencies between the testimony of Rexhepi and his brother regarding when and where they were arrested in mid–1997, and (ii) inconsistencies within Rexhepi's testimony and between his testimony and his brother's regarding their medical treatment after they were released from detention following their alleged arrest in mid–1997. These inconsistencies support the adverse credibility finding because they involve the heart of the asylum claim, see *Secaida–Rosales,* 331 F.3d at 308 (citing *Gao v. Ashcroft,* 299 F.3d 266, 272 (3d Cir.2002)), and are not minor and isolated disparities, *id.* (citing *Diallo,* 232 F.3d at 288).

The IJ reasonably considered and dismissed the explanation given by Rexhepi for his brother's contradictory testimony. Further, both the IJ and the BIA considered the fact that Rexhepi and his brother testified as mutual witnesses in each other's case. The BIA also rejected Rexhepi's argument that, because the testimony of his brother was in conflict with his testimony, his brother's testimony "can be given no weight." The BIA reasonably found that, because Rexhepi "did not disclaim his brother's testimony or attempt to distance his own claim from that of his

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

brother at the IJ hearing ... [but] merely attributed the inconsistencies to his brother's nervousness," Rexhepi "cannot now disassociate his claim from that of his brother's merely because it has become strategically expedient."

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).